IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                   No. 2:03-cr-0247 JAM DAD P

    vs.

MATEO ESTRADA

    Movant.                                        <u>ORDER</u>

_____/

         Movant is a federal prisoner proceeding pro se. He has filed a "motion to set aside a previous § 2255 judgment" pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(6) and 60(d). The instant motion challenges a previous decision of this court to deny petitioner leave to amend his motion for relief under 28 U.S.C. § 2255.

I. <u>Background</u>

         Mateo Estrada, the prisoner and previous § 2255 movant, was convicted in this court on October 19, 2004, on a single felony count. On January 3, 2008, he filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. After that motion was fully briefed, but before the magistrate judge then assigned to the case issued findings and recommendations on the motion, movant Estrada sought leave to amend his § 2255 motion to add two supposedly new grounds for asserting that he received ineffective assistance of counsel

1

at trial.  See Doc. No. 95.  On April 10, 2009, the assigned magistrate judge denied the request for leave to amend on the basis that it was untimely.  See Doc. No. 97.  Soon thereafter, movant Estrada asked the district judge assigned to the case to reconsider and vacate the magistrate's denial of his request to amend.  While the motion to reconsider was pending before the district judge, the assigned magistrate judge recommended that the motion for relief under § 2255 be denied.  See Doc. No. 99.  Ten days later, on May 22, 2009, the assigned district judge denied the motion to reconsider and affirmed the magistrate's decision not to allow movant Estrada to amend his § 2255 motion.   Finally, on July 21, 2009, the district judge adopted the magistrate's findings and recommendations in full and denied the § 2255 motion.  That ruling brought Estrada's § 2255 action in this court to a close.

More than two years later, on August 10, 2011, movant Estrada filed the instant request, which he has styled as a "motion to set aside a previous § 2255 judgment."  He has filed it pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(6) and 60(d).  Estrada makes it clear in this new motion that he does not intend to re-litigate the merits of the § 2255 arguments that the court rejected in 2009.  See e.g., Doc. No. 129 at 15.  Instead, he challenges the previously assigned magistrate judge's decision not to allow him to amend his § 2255 motion, effectively asking the magistrate judge now assigned to the case to vacate the previous magistrate judge's ruling and, presumably, allow him to now assert the two bases for his ineffective assistance of counsel claim anew.

II. Analysis

"A motion under Rule 60(b) must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1).  In determining whether a motion under Rule 60(b) was brought within a reasonable time, a district court must consider such factors as the interest in finality, the reason for the delay, the moving party's ability to have brought the motion earlier, and the prejudice to the parties.  See Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981); Rodriguez-Villareal v. United States, Nos. 06-CV-0223 H & 99-CR-1515 H, 2007 WL 2410058 at *3 (S.D. Cal.

Aug.17, 2007) (applying the Ashford factors in a §2255 action to determine whether a Rule 60(b) motion was timely).

The court finds that the interest in finality renders movant Estrada's delay in bringing the instant motion unreasonable. He promptly challenged the magistrate judge's ruling not to allow him to amend his § 2255 petition by filing a motion to reconsider with the assigned district judge, but he then waited twenty-eight months after the magistrate judge's initial denial of that motion before coming back to revisit the issue. As Ashford suggests, a delay of over two years demands a good explanation of why the movant could not have brought the request sooner, but the instant motion contains none. Moreover, one of the provisions of Rule 60 that Estrada invokes, subsection (b)(6), is, according to Ashford, "reserved for 'extraordinary circumstances.'" Ashford, 657 F.2d at 1055 (citation omitted). Estrada has not shown that extraordinary circumstances exist here.

Movant Estrada also has not shown how the "judgment" of the court to deny him leave to amend is in any sense "void," thus implicating Rule 60(b)(4). "A judgment is not void . . . simply because it is or may have been erroneous." United Student Aid Funds, Inc. v. Espinosa, — U.S. — , 130 S. Ct. 1367, 1377 (2010) (citations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. See also Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir.1989); Watt v. Roth, No. C 05-5234 SBA, 2008 WL 4155535, at *4 (N.D. Cal. Sept. 5, 2008). Estrada contends that denying him the opportunity to amend his § 2255 motion violated his right to due process because he was not allowed to present the merits of two "new" ineffective assistance of counsel claims - his attorney's alleged failure to challenge the admission of fingerprint evidence introduced against him at trial, and the attorney's alleged failure to advise him about the option

/////

/////

and potential consequences of testifying in his own defense.[1] However, the magistrate judge addressed both of those arguments in her findings and recommendations. Movant cannot argue now that he was unfairly deprived of the opportunity to bring those claims before the court. See Doc. No. 99 at 3. His motion to set aside the denial of his request for leave to amend his § 2255 motion will therefore be denied.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to set aside a previous 2255 judgment (Doc. No. 129) is denied.

2. The motion for leave to file a supplemental brief (Doc. No. 132) is denied as moot in light of this order.

DATED: June 28, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

dad1.habeas
hm/estr0247.ord

---

[1] Movant Estrada argues the merits of those claims in some detail here. However, the merits of the proposed new grounds for relief are not at issue in a due process inquiry. Rather, "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.'" Espinosa, 130 S. Ct. at 1378 (citations omitted). Here, Estrada took the opportunity to argue his motion to amend not once but twice. Furthermore, the minimal elements of due process recited in Espinosa are not the only factors at issue when a party files a motion for leave to amend a § 2255 pleading. Instead, the question of whether to allow amendments to any pleading has long been committed to the discretion of the district court, which is in turn defined by several prudential considerations such as the reason for delay, bad faith or dilatory motive, futility of the amendment, and prejudice to the opposing party. See United States v. Webb, 655 F.2d 977, 980 (9th Cir.1981). Decisions on motions to amend pursuant to Rule 15 are then reviewed on appeal for an abuse of the district court's discretion, not for deprivations of the fundamental protections of due process. See, e.g., Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).